IN THE UNITED STATE DISTRICR COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

|  |  |  |
|---|---|---|
| **SMOKE N GLASS, LLC.** | ) | |
| Plaintiff | ) | Case NO: 3:18-CV-00420 |
| Vs. | ) | (Removed from Davidson County |
|  | ) | Chancery Court, Case No. 18-207-III |
| **STARR INDEMNITY & LIABILTY COMPANY.** | ) | |
| Defendant | ) | |

_____

## AMENDED COMPLAINT
_____

Comes now the plaintiff, Atef Soliman "Mr. Soliman" by and through counsel and hereby and files this amended complaint as a matter of course pursuant to Rule 15(a) (1) (B) of the Federal Rules of Civil Procedure to amend his petition for declaratory judgment against the Defendant Starr Indemnity and Liability Company "Starr Indemnity" to name Smoke N Glass, LLC as the plaintiff on the complaint instead of Atef Soliman as the owner of Smoke N Glass, LLC. For his amended complaint, plaintiff states as follows:

1. Smoke N Glass, LLC. is a Limited Liability Company organized in the State of Tennessee and owned by Atef Soliman, "Mr. Soliman" located at 818 Murfreesboro Pike, Suite 107, Nashville , Davidson County, Tennessee 37217.

2. The Defendant Starr Indemnity & Liability Company, is a company organized in the State of Texas that is doing business in the State of Tennessee. The principal place of business at 399 Park Avenue, 8th Floor, New York, NY 10022.

1

3. Subject matter jurisdiction over this action is proper pursuant to T. C. A. 16-10-101.

4. The incident that is the subject of this action took place in Davidson County, Tennessee and thus Venue is proper in this court.

5. Atef Soliman owns and operates Smoke N Glass, LLC, as a Limited Liability Company, which is vabe Store, (Business), that located at 818 Murfreesboro Pike, Suite 107, Nashville , Davidson County, Tennessee 37217.

6. Smoke N Glass, LLC, was set to start operation on July 01, 2017, but was interrupted by the June 22, 2017 incident.

7. On or about May 26, 2017, Mr. Soliman purchased business insurance coverage from the defendant insurance carrier for his new business Smoke N Glass, LLC. Attached a copy of the insurance policy as E**xhibit 1**

8. The insurance policy provides insurance coverage for products/ completed operations aggregate of $ 2,000,000.

9. The insurance policy provides insurance coverage for other than products/ completed operations aggregate of $ 2,000,000.

10. The insurance policy provides insurance coverage for the inventory and goods the store of aggregate of $ 2,000,000.

11. On Thursday June 22, 2017, unknown intruder(s) broke into the plaintiff's store where he stored his inventory and stole about $103,544.33 worth of vaping merchandise.

12. The police was called to the scene and investigated the incident and filed a report.

13. The plaintiff reported the incident to his insurance carrier Defendant Starr Indemnity & Liability Company right after the incident.

14. The plaintiff's claim with the defendant was number CSBP-3423A9.

15. Mr. Soliman provided Starr Indemnity & Liability Company with all the documents in his possession or control that they requested.

16. Mr. Soliman provided Starr Indemnity & Liability Company with his statement about the incident in a timely manner.

17. The Defendant Starr Indemnity denied the claim and refused to pay for the plaintiff's claim despite the damages are covered under the policy.

18. The insurance policy covers the burglary and/or theft of the inventory from plaintiff's store Smoke N Glass, LLC.

19. The insurance policy provides insurance coverage for physical loss of or damage to covered property at the premises describe in the declarations caused by any covered cause of loss. ***(Insurance policy, Section I, property, coverage, page 1)***

20. The insurance policy provides coverage for Business Personal Property located in or on the buildings or structures at the described premises *OR* in the open (or in vehicle) within 100 feet of the buildings or structures or within 100 feet of the premises described in the declarations, whichever distance is greater, including:

> (1) Property the plaintiff owns that is used in his business.

(2) Property of others that is in the client's care, custody or control, except as otherwise provided in loss property loss condition paragraph E. 5.d. (3) (b)."

*(Insurance policy, Section I, property, coverage, b. (1) & (2) page 1)*

21. The insurance policy provides coverage for Direct Physical Loss unless the loss is excluded or limited under section I- Property.

*(Insurance policy, Section I, property, 3. covered causes of loss, b. page 2)*

22. The insurance policy provides for coverage extensions for Business personal property that include:

(a) Business Personal Property including such property that are newly acquired at ANY location the plaintiff acquires; or

(b) Business Personal Property including such property the plaintiff NEWLY acquire located at NEWLY constructed or acquired buildings at the location described in the declarations."

*(Insurance policy, Section I, property, 6. Coverage extension, a (2) (a) & (b), page 15)*

23. The insurance policy provides extended insurance coverage that applies to Business Personal Property while temporary stored in a portable STORAGE unit (including a detached trailer) located within 100 feet of the buildings or structures of the described premises, whichever distances is greater.

23. Under this extension, the maximum coverage for each building is $100,000.

4

*(Insurance policy, Section I, property, 6. (g) Business Personal Property Temporary in Portable Storage unit, page 17)*

25. Under the insurance policy, the defendant should pay for the actual loss of business income the plaintiff sustains due to the necessary suspension of his "operation" during the "period of restoration". The suspension must be caused by the direct physical loss or damage to the property at the described premises. The loss or damage must be caused by or result from a covered cause of loss. With respect to loss of or damage to personal property in the OPEN or the personal property in a VEHICLE, the described premises include the area within 100 feet of such premises.

*(Insurance policy, Section I, property, 5. (f) Business income, page 6)*

26. Under the insurance policy, the defendant should pay necessary extra expenses the plaintiff incurs during the "period of restoration" that he would not have incurred if there had been no direct physical loss or damage to property at the described premises. The loss or damage must be caused by or result from a covered cause of loss. With respect to loss of or damage to personal property in the open or personal property in a vehicle, the described premises include the area within 100 feet of such premises.

*(Insurance policy, Section I, property, 5. (g) Business income, page 8)*

27. There are no exclusions in the insurance policy that exclude any of the damages that resulted from the June 22, 2017 incident.

28. There are no exclusions signed by the plaintiff that exclude or limit any of the damages that resulted from the June 22, 2017 incident.

29. Pursuant to T. C. A. section 56-7-102, every insurance policy issued for the benefit of any citizen or resident shall contain the entire contract of insurance between the parties to the contract, and every contract so issued shall be held as made in this state and construed solely according to the law of this state.

30. Pursuant to T. C. A. section 29-14-103, the plaintiff demands that this court to interpret the insurance contract to declare the plaintiff's rights and the insurance coverage for the damages that resulted from the aforesaid incident.

**WHEREFORE**, the plaintiff prays the court that he has and recovers judgement against the defendant as follows:

1. For process to issue and be served upon the defendant requiring the defendants to answer the allegations hereof;
2. For a declaratory judgement in favor of the plaintiff, establishing that the insurance policy with the Defendant Starr Indemnity & Liability Company provides insurance coverage for the loss and/or damage to the plaintiff's business personal property "inventory" and loss of business income and/or profits and extra expenses that resulted from the June 22, 2017, burglary and/ or theft of Smoke N Glass, LLC, in the amount of $ 2,000,000 as it was explained in detail in this amended complaint.
3. For costs to be taxed to the defendant, and reasonable attorney's fees to be awarded to the plaintiffs; and
4. For such other, further, and general relief to which the plaintiffs may be entitled under the law.

6

Respectfully Submitted,

/S/ Ali Abdelati
_____
Ali Abdelati, BPR No. 028180
ATI LAW OFFICES
325 Plus Park Blvd, Suite 200 B
Nashville, TN 37217
(615) 967-0742

## CERTIFICATE OF SERVICES

The undersigned hereby certifies that a true and correct copy of the forgoing motion to remand was served, via Court's Electronic Case Filing System (CM/ ECF), email, United States Mail, postage prepaid, this Tuesday the 22nd day of May 2018, upon the following:

Lauren Paxton Roberts, Esq.
Stites &Harbison, PLLC.
401 Commerce Street, Suite 800
Nashville, TN 37219
Email: lauren.roberts@stites.com
(615) 782-2284

Mathew W. Breetz, Esq.
Stites &Harbison, PLLC.
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Email: mbreetz@stites.com
(502) 587-3400

*Counsel for Defendant.*

/ S/ Ali Abdelati
_____
Ali Abdelati
*Counsel for the Plaintiff*