# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| SMOKE N GLASS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-420 |
| | ) | |
| STARR INDEMNITY & LIABILITY | ) | JUDGE CAMPBELL |
| COMPANY, | ) | MAGISTRATE JUDGE |
| | ) | FRENSLEY |
| Defendants. | ) | |
| | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Plaintiff Smoke N Glass, LLC Motion to Remand to State Court. (Doc. No. 9). Defendant filed a response in opposition (Doc. No. 12), and Plaintiff has replied. (Doc. No. 16). For the reasons discussed below, Plaintiff's Motion to Remand to State Court is **GRANTED**.

## I. FACTUAL BACKGROUND

Smoke N Glass ("Plaintiff") is a limited liability company organized in the state of Tennessee with its principal place of business in Tennessee. (Doc. 1-1 ¶ 1). Starr Indemnity & Liability Company ("Defendant") is an insurance company organized in Texas and doing business in Tennessee. (*Id.* ¶2). Defendant's principal place of business is in New York. (*Id.*). On or about May 26, 2017, Atef Soliman ("Mr. Soliman") procured business insurance coverage from Defendant for his new business, Smoke N Glass, LLC. (Doc. No. 9-1 at 3). The coverage started on May 27, 2017, and the policy provided various types of insurance coverage. (*Id.*).

Plaintiff alleges on Thursday, June 22, 2017, unknown intruders broke into Mr. Soliman's store where inventory was stored and stole about $103,544.33 worth of vaping merchandise. (*Id.* at 4). The police were called to the scene and they investigated the incident and filed a report. (*Id.*).

1

Mr. Soliman reported the incident to Defendant right after the incident. (*Id.*). Mr. Soliman alleges he provided Defendant with his statement and all the documents in his possession or control regarding the incident in a timely manner. (*Id.* at 5) Plaintiff alleges Defendant denied the claim and refused to pay Plaintiff's claim despite the damages being covered under the insurance policy. (*Id.*).

On or about February 23, 2018, Plaintiff filed a Complaint against Defendant in Davidson County Chancery Court for declaratory judgment. (*Id.* at 1). Plaintiff alleges copies of the summons and Complaint were served upon Defendant on March 2, 2018, through the Commissioner of Insurance of the State of Tennessee pursuant to T.C.A. § 56-2-503. (*Id.* at 2). On or about May 3, 2018, Defendant filed a notice of removal and removed the case to the United States District Court for the Middle District of Tennessee. (*Id.*). Plaintiff filed a Motion to Remand to State Court and alleges the removal was untimely, defective, and improper because the notice of removal was filed more than two months after service of the Complaint. (Doc. No. 9). Defendant responds that the removal was timely because a defendant or its own agent must receive the summons and complaint before the removal period begins to run. (Doc. No. 12 at 1). Defendant alleges the authorized agent for service of process was served with copies or the Complaint via certified mail on April 30, 2018, and Defendant's removal petition was filed only three days later on May 3, 2018. (*Id.*).

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow removal of a civil action brought in state court to federal court if the action could have been filed originally in federal court. *See* 28 U.S.C. § 1441. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

the claims for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(c). The removal statutes, 28 U.S.C. §§ 1441 et seq., are "to be construed strictly, narrowly and against removal." *Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins., Co.*, 5 F.3d 963, 968 (6th Cir. 1993). "Due regard for state governments' rightful independence requires federal courts scrupulously to confine their own jurisdiction to precise statutory limits." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 454 (6th Cir. 1996). The federal courts should be equally vigilant, however, in protecting the right to proceed in federal court where removal is proper and should not sanction devices meant to prevent a proper removal. *See Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907).

### III.  ANALYSIS

The Federal Rules of Civil Procedure provide two alternative methods for effecting service of process on a foreign corporation within a judicial district of the United States. *See* Fed. R. Civ. P. 4(h). Service may be provided by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* 4(e)(1); *see id.* 4(h)(1)(A). Alternatively, service may be provided "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and ... by also mailing a copy of each to the defendant." *Id.* 4(h)(1)(B). Because this action originated in state court (Doc. No. 1-1), Plaintiff complied with Tennessee service of process procedures. *See Bryce Co., LLC v. Fed. Ins. Co.*, 2010 WL 11602403, at *2 (W.D. Tenn. 2010).

The Tennessee Rules of Civil Procedure provide that service of process may be effected by mail. *See* Tenn. R. Civ. Pro. 4.04(10). To do so, a plaintiff must send "a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail

3

to the defendant." *Id.* Where the defendant is a corporate entity, the return receipt must be addressed to "an officer or managing agent thereof, or to the chief agent in the county wherein the action is brought, or ... to any other agent authorized by appointment or by law to receive service on behalf of the corporation." *Id.* 4.04(4); *see id.* 4.04(10). Tennessee designates a service of process agent for insurance companies organized under the laws of a state other than Tennessee. *See* Tenn. Code Ann. §§ 56-2-502, 56-2-503, 56-2-504. By statute, the Commissioner of the Tennessee Department of Commerce and Insurance (the "Commissioner") serves as the "true and lawful attorney" for a "foreign insurance company." *See id.* §§ 56-2-502, 56-2-503(a). Thus, "any lawful process against or notice to the company in any action or proceeding against it from any cause of action arising in the state may be served on the commissioner." *Id.* § 56-2-504(a).

Defendant asserts a defendant or its own authorized agent must receive the summons and complaint before the removal period under 28 U.S.C. § 1446 begins to run. (Doc. No. 12 at 1). In a letter dated March 6, 2018, the Tennessee Department of Commerce and Insurance stated it had been served in connection with the lawsuit on March 5, 2018. (*Id.* at 2; Doc. Nos. 9-3). Defendant argues its registered agent for service of process, CT Corporation, did not receive the letter until April 30. (Doc. No. 12 at 2; Doc. No. 12-1). After Defendant received the letter, they filed a notice of removal with the Court on May 3. (Doc. No. 12 at 3). However, pursuant to Tennessee service of process, Defendant is a foreign insurance company and the Commissioner serves as Defendant's authorized agent for service of process.[1] Plaintiff served the Commissioner on March 2, 2018,

---

[1] T.C.A. § 56-2-502 defines "foreign insurance company" as "an insurance company organized under the laws of any state of the United States, other than this state, or under the law of any territory or insular possession of the United States or the District of Columbia. . ." According to Plaintiff's Amended Complaint, Defendant is a company organized in Texas with its principal place of business in New York.

4

which is sufficient service of process under Tennessee law. (Doc. No. 9-2). Pursuant to 28 U.S.C. § 1446(b), Defendant then had thirty days from March 2, 2018, to file a notice of removal. Defendant did not file their notice of removal until May 3, 2018, after the time for removal passed. (Doc. No. 1).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant's Notice of Removal was untimely filed. Therefore, Plaintiff's Motion to Remand to State Court is **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE